FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 1 3 2012

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JARON MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO. 1:12-CV-2809 |
| KENNETH WHITE & ASSOCIATES, | ) |
| LLC, MLA HOLDINGS, LLC, AND | ) |
| MARILYN ALLRED, INDIVIDUALLY | ) |
| | ) |
| Defendants. | ) |
| | ) |

-CC-

## NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

4.     Plaintiff, Jaron Martin ("Plaintiff"), is a natural person who at all relevant times resided in the State of Georgia, County of Henry, and City of McDonough.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, Kenneth White & Associates, LLC ("KW&A"), is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.     KW&A is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.     Defendant, MLA Holdings, LLC, ("MLA"), is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9.     MLA is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10.     Defendant, Marilyn Allred ("Allred") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

11.     Allred is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

12.    Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than KW&A.

13.    Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than KW&A, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

14.    Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than KW&A.

15.    KW&A uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

16.    MLA purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

17.    MLA acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

18.    MLA is thoroughly enmeshed in KW&A's debt collection business, and MLA is a significant participant in KW&A's debt collection process.

19. Upon information and good faith belief, Allred was regularly engaged, directly and indirectly in the collection of Plaintiff's debt.

20. Upon information and good faith belief, Allred was personally involved in the collection of Plaintiff's debt.

21. Upon information and good faith belief, Allred was materially involved in the collection of Plaintiff's debt.

22. Upon information and good faith belief, Allred was materially participated in MLA's debt collection activities.

23. Allred was involved in the day-to-day operations of MLA's debt collection business.

24. Upon information and good faith belief, Allred exercised control over the affairs of MLA's debt collection business.

25. "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

26. Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552

F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); *see Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008).

27.     In connection with the collection of an alleged debt in default, KW&A, itself and on behalf of MLA, through its agent and/or employee "Misty Smith" ("Ms. Smith"), placed a call to Plaintiff on or about March 29, 2012, for its initial communication with Plaintiff.

28.     During the March 29, 2012 telephone conversation, Ms. Smith misrepresented that KW&A was collecting a debt for Best Bank, when in fact, MLA was the current owner of the alleged debt.

29.     During the March 29, 2012 telephone conversation, Ms. Smith threatened to sue Plaintiff for bank fraud and to embarrass Plaintiff by coming to his job and/or home with a warrant to arrest Plaintiff if he did not make a payment within a few hours of the initial telephone conversation.

30.     Ms. Smith's threats of a lawsuit and arrest lead Plaintiff to believe that Ms. Smith was an attorney.

31.     Upon information and good faith belief, Ms. Smith is not a licensed attorney.

32.     Upon information and good faith belief, KW&A is not a law firm.

33.    During the March 29, 2012 telephone conversation, Ms. Smith told Plaintiff that the local District Attorney in his area was very tough and threatened that Plaintiff did not want to go to court for bank fraud with the District Attorney.

34.    Because of Ms. Smith's threat of a lawsuit and arrest, Plaintiff set up a payment arrangement during the March 29, 2012 telephone conversation.

35.    During the March 29, 2012 telephone conversation, Ms. Smith conveyed a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector, and to make an immediate payment.

36.    In connection with the collection of an alleged debt in default, KW&A, itself and on behalf of MLA, sent Plaintiff written communication dated March 29, 2012, and in such communication, failed to provide the notices required by 15 USC § 1692g.

37.    Upon information and good faith belief, KW&A did not provide any other written communication to Plaintiff within five (5) days of its March 29, 2012 initial communication with Plaintiff.

38.    Therefore, KW&A failed to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

39. KW&A's March 29, 2012 communication had a signature block for Ms. Smith, identifying her as a "litigation manager."

40. By using the titled "litigation manager," KW&A's March 29, 2012 correspondence again falsely implied that Ms. Smith was an attorney.

41. Pursuant to the above-referenced payment arrangement, Plaintiff made a payment in the amount of two hundred thirty-three dollars ($233.00) on March 30, 2012.

42. Pursuant to the above-referenced payment arrangement, Plaintiff made a second payment in the amount of two hundred thirty-three dollars ($233.00) on April 6, 2012.

43. Subsequently, Plaintiff send KW&A written correspondence revoking any permission to withdraw additional payments from Plaintiff's bank account.

44. Upon information and good faith belief, KW&A has not filed any lawsuit against Plaintiff.

45. As a result of KW&A's harassing and abusive efforts to collect the outstanding debt alleged due, Plaintiff suffered personal humiliation, embarrassment, mental anguish, and emotional distress.

46. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and

continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I
### VIOLATIONS OF 15 U.S.C. § 1692e(2)(A)
### DEFENDANT KW&A

47.   Plaintiff repeats and re-alleges each and every allegation above.

48.   KW&A violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that KW&A violated 15 U.S.C. § 1692e(2)(A);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATIONS OF 15 U.S.C. § 1692e(2)(A)
## DEFENDANT MLA

49.     Plaintiff repeats and re-alleges each and every allegation above.

50.     KW&A violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

51.     MLA, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of KW&A, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that MLA violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATIONS OF 15 U.S.C. § 1692e(2)(A)
## DEFENDANT ALLRED

52.    Plaintiff repeats and re-alleges each and every allegation above.

53.    KW&A violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

54.    Allred is personally liable for MLA's conduct, absent the need to pierce the corporate veil, as a result of her involvement in the day-to-day management of MLA's debt collection business, her responsibility for day-to-day supervision of MLA's debt collector employees, her personal involvement in the collection of Plaintiff's alleged debt, her material involvement in the collection of Plaintiff's alleged debt, and her exercise of control over the affairs of MLA's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Allred violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
### VIOLATIONS OF 15 U.S.C. § 1692e(3)
### DEFENDANT KW&A

55.    Plaintiff repeats and re-alleges each and every allegation above.

56.    KW&A violated 15 U.S.C. § 1692e(3) by falsely representing that or implying that any individual is an attorney or that a communication is from an attorney.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that KW&A violated 15 U.S.C. § 1692e(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATIONS OF 15 U.S.C. § 1692e(3)
## DEFENDANT MLA

57.     Plaintiff repeats and re-alleges each and every allegation above.

58.     KW&A violated 15 U.S.C. § 1692e(3) by falsely representing that or implying that any individual is an attorney or that a communication is from an attorney.

59.     MLA, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of KW&A, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that MLA violated 15 U.S.C. § 1692e(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATIONS OF 15 U.S.C. § 1692e(3)
## DEFENDANT ALLRED

60. Plaintiff repeats and re-alleges each and every allegation above.

61. KW&A violated 15 U.S.C. § 1692e(3) by falsely representing that or implying that any individual is an attorney or that a communication is from an attorney.

62. Allred is personally liable for MLA's conduct, absent the need to pierce the corporate veil, as a result of her involvement in the day-to-day management of MLA's debt collection business, her responsibility for day-to-day supervision of MLA's debt collector employees, her personal involvement in the collection of Plaintiff's alleged debt, her material involvement in the collection of Plaintiff's alleged debt, and her exercise of control over the affairs of MLA's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Allred violated 15 U.S.C. § 1692e(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATIONS OF 15 U.S.C. § 1692e(5)
## DEFENDANT KW&A

63. Plaintiff repeats and re-alleges each and every allegation above.

64. KW&A violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including, but not limited to: threatening to file a lawsuit immediately if payment was not made by Plaintiff; and threatening to have Plaintiff arrested if payment was not made by Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that KW&A violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VIII**
**VIOLATIONS OF 15 U.S.C. § 1692e(5)**
**DEFENDANT MLA**

65.    Plaintiff repeats and re-alleges each and every allegation above.

66.    KW&A violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including, but not limited to: threatening to file a lawsuit immediately if payment was not made by Plaintiff; and threatening to have Plaintiff arrested if payment was not made by Plaintiff.

67.    MLA, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of KW&A, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that MLA violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT XI
### VIOLATIONS OF 15 U.S.C. § 1692e(5)
### DEFENDANT ALLRED

68.    Plaintiff repeats and re-alleges each and every allegation above.

69.    KW&A violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be

taken, including, but not limited to: threatening to file a lawsuit immediately if payment was not made by Plaintiff; and threatening to have Plaintiff arrested if payment was not made by Plaintiff.

70.     Allred is personally liable for MLA's conduct, absent the need to pierce the corporate veil, as a result of her involvement in the day-to-day management of MLA's debt collection business, her responsibility for day-to-day supervision of MLA's debt collector employees, her personal involvement in the collection of Plaintiff's alleged debt, her material involvement in the collection of Plaintiff's alleged debt, and her exercise of control over the affairs of MLA's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Allred violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT X
## VIOLATIONS OF 15 U.S.C. § 1692e(10)
## DEFENDANT KW&A

71.    Plaintiff repeats and re-alleges each and every allegation above.

72.    KW&A violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including, but not limited to: misrepresenting that a lawsuit would be filed immediately if payment was not made by Plaintiff; misrepresenting that Plaintiff would be arrested if payment was not made by Plaintiff; misrepresenting that KW&A was collecting on behalf of Best Bank, when in fact, KW&A was collecting on behalf of MLA; misrepresenting the level of association that KW&A has with the local District Attorney in an effort to coerce Plaintiff into making a payment; and conveying a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that KW&A violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT XI**
**VIOLATIONS OF 15 U.S.C. § 1692e(10)**
**DEFENDANT MLA**

73.    Plaintiff repeats and re-alleges each and every allegation above.

74.    KW&A violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including, but not limited to: misrepresenting that a lawsuit would be filed immediately if payment was not made by Plaintiff; misrepresenting that Plaintiff would be arrested if payment was not made by Plaintiff; misrepresenting that KW&A was collecting on behalf of Best Bank, when in fact, KW&A was collecting on behalf of MLA; misrepresenting the level of association that KW&A has with the local District Attorney in an effort to coerce Plaintiff into making a

payment; and conveying a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

75.    MLA, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of KW&A, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that MLA violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XII
## VIOLATIONS OF 15 U.S.C. § 1692e(10)
## DEFENDANT ALLRED

76.    Plaintiff repeats and re-alleges each and every allegation above.

77.    KW&A violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including, but not limited to: misrepresenting that a lawsuit would be filed immediately if payment was not made by Plaintiff; misrepresenting that Plaintiff would be arrested if payment was not made by Plaintiff; misrepresenting that KW&A was collecting on behalf of Best Bank, when in fact, KW&A was collecting on behalf of MLA; misrepresenting the level of association that KW&A has with the local District Attorney in an effort to coerce Plaintiff into making a payment; and conveying a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

78.    Allred is personally liable for MLA's conduct, absent the need to pierce the corporate veil, as a result of her involvement in the day-to-day management of MLA's debt collection business, her responsibility for day-to-day supervision of MLA's debt collector employees, her personal involvement in the collection of Plaintiff's alleged debt, her material involvement in the collection of Plaintiff's alleged debt, and her exercise of control over the affairs of MLA's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Allred violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XIII
## VIOLATIONS OF 15 U.S.C. § 1692g(a)
## DEFENDANT KW&A

79.    Plaintiff repeats and re-alleges each and every allegation above.

80.    KW&A violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that KW&A violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT XIV
### VIOLATIONS OF 15 U.S.C. § 1692g(a)
### DEFENDANT MLA

81.    Plaintiff repeats and re-alleges each and every allegation above.

82.    KW&A violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

83.    MLA, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of KW&A, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that MLA violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XV
## VIOLATIONS OF 15 U.S.C. § 1692g(a)
## DEFENDANT ALLRED

84.    Plaintiff repeats and re-alleges each and every allegation above.

85.    KW&A violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

86.    Allred is personally liable for MLA's conduct, absent the need to pierce the corporate veil, as a result of her involvement in the day-to-day management of MLA's debt collection business, her responsibility for day-to-day supervision of MLA's debt collector employees, her personal involvement in the

collection of Plaintiff's alleged debt, her material involvement in the collection of Plaintiff's alleged debt, and her exercise of control over the affairs of MLA's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Allred violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT XVI
### VIOLATIONS OF 15 U.S.C. § 1692f
### DEFENDANT KW&A

87.    Plaintiff repeats and re-alleges each and every allegation above.

88.    KW&A violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt,

including, but not limited to: misrepresenting that a lawsuit would be filed immediately if payment was not made by Plaintiff; misrepresenting that Plaintiff would be arrested if payment was not made by Plaintiff; misrepresenting the level of association that KW&A has with the local District Attorney in an effort to coerce Plaintiff into making a payment; and conveying a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector and to make an immediate payment.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that KW&A violated 15 U.S.C. § 1692g(a);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XIV
## VIOLATIONS OF 15 U.S.C. § 1692g(a)
## DEFENDANT MLA

89.    Plaintiff repeats and re-alleges each and every allegation above.

90.    KW&A violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt, including, but not limited to: misrepresenting that a lawsuit would be filed immediately if payment was not made by Plaintiff; misrepresenting that Plaintiff would be arrested if payment was not made by Plaintiff; misrepresenting the level of association that KW&A has with the local District Attorney in an effort to coerce Plaintiff into making a payment; and conveying a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector and to make an immediate payment.

91.    MLA, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of KW&A, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that MLA violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT XV
## VIOLATIONS OF 15 U.S.C. § 1692g(a)
## DEFENDANT ALLRED

92.   Plaintiff repeats and re-alleges each and every allegation above.

93.   KW&A violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt, including, but not limited to: misrepresenting that a lawsuit would be filed immediately if payment was not made by Plaintiff; misrepresenting that Plaintiff would be arrested if payment was not made by Plaintiff; misrepresenting the level of association that KW&A has with the local District Attorney in an effort to coerce Plaintiff into making a payment; and conveying a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector and to make an immediate payment.

94.    Allred is personally liable for MLA's conduct, absent the need to pierce the corporate veil, as a result of her involvement in the day-to-day management of MLA's debt collection business, her responsibility for day-to-day supervision of MLA's debt collector employees, her personal involvement in the collection of Plaintiff's alleged debt, her material involvement in the collection of Plaintiff's alleged debt, and her exercise of control over the affairs of MLA's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Allred violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

95.    Plaintiff is entitled to and hereby demands a trial by jury.


This 9th day of August, 2012.


                                    ATTORNEYS FOR PLAINTIFF
                                    JARON MARTIN

                                    Respectfully submitted,



                                    Dennis R. Kurz
                                    Georgia Bar No. 430489
                                    WEISBERG & MEYERS, LLC
                                    5025 N. Central Ave. #602
                                    Phoenix, AZ 85012
                                    (888) 595-9111 ext. 412
                                    (866) 842-3303 (fax)
                                    dkurz@attorneysforconsumers.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

Respectfully submitted,

Dennis R. Kurz
Georgia Bar No. 430489
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

Exhibit "A"

https://online.wellsfargo.com/das/cgi-bin/session.cgi?sessargs=14mP-jY2201gM5xNFpq0jdUUCKNm7sM

File   Edit   View   Favorites   Tools   Help

X   SupportCentral

Favorites      Free Hotmail   Kronos_Themed_Glyphs_li...   Upgrade Your Browser

Wells Fargo Account A...   X   Gmail - Documents Reque...

Page ▾ Safety ▾ Tools ▾

**Account Information**

Wells Fargo Value℠ Checking
Create Nickname
View Account Profile
View Credit Card Profile

Keep your 401(k)s working for you
If you have changed jobs, consider taking
your 401(k) with you.
► Learn More

**I Want To ...**

View Online Statements
View Tax Documents
View Spending Report
Design My Card
View Fees And Information
Check & Deposit Ticket Orders

New! An easier-to-understand Available
Balance Summary. Learn More

Try it! Get our Mobile Banking App

Try it! Take a tour of Online Banking

Easy check reorders
View our Check Product
Catalog and reorder online
► Learn More

**Activity Summary**

| | |
|---|---|
| Current Posted Balance | $95.32 |
| Pending Withdrawals/Debits | -$10.47 |
| Pending Deposits/Credits | $858.61 |
| Available Balance   Learn More | $943.46 |

**Additional Services**

Set Up Overdraft Services
Make Transfers
Create Savings Plan

**Transactions**                                                                 Download Activity

► Show Transactions        ▼ Find Transactions

Complete at least one field below and click Find. You can search transactions since 11/22/11 for this account. For previous dates please View Online Statements.

✔ Search completed. Please scroll down for results.

**Description or Keyword**

| Dates | Select One |
|---|---|
| **Amounts or Check Numbers** | Amount      $  233.00 |
| Type | Select One |   [Find] |

| Date ▾ | Description | | Deposits / Credits | Withdrawals / Debits |
|---|---|---|---|---|
| **Pending Transactions**   Note: Amounts may change   Learn More | | | | |
| No pending transactions meet your criteria above. | | | | |
| **Posted Transactions** | | | | |
| 03/30/12 | CHECK | | | $233.00 |
| **Totals** | | | $0.00 | $233.00 |

Use the menu above to view account history since 11/22/2011 for this account. View more account history through Online Statements.

Account Summary | Account Activity | My Money Map | Statements & Documents
Accounts | Bill Pay | Transfers | Brokerage | Account Services | Messages & Alerts | Products & Offers

Home | Locations | Contact Us | Privacy, Security & Legal | Sign Off

🏠 Equal Housing Lender
© 1995 – 2012 Wells Fargo. All rights reserved.

Internet | Protected Mode: Off